# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NO. 29,417 & 29,418 (consolidated)**

**DARON SCOTT,**

Defendant-Appellee,

and

**DURYEA SCOTT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Albert J. Costales
Truth or Consequences, NM

for Appellee Daron Scott

Jose Coronado
Las Cruces, NM

for Appellee Duryea Scott

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals the grant of Defendant Daron Scott's motion to suppress evidence, into which Defendant Duryea Scott joined in district court. [Duryea Scott's DS 3, ¶ 7] The State claimed that the district court erred in determining that the search warrant, approved telephonically by the magistrate judge, was invalid. The State contended that the warrant was written, having been prepared by the investigative officer; the warrant was read to the magistrate judge; copies of the warrant and inventory were provided to individuals located at the searched properties; and the warrant was filed with the magistrate judge two days after execution of the warrant. [DS 5] This Court's calendar notice proposed to affirm the district court. The State filed a memorandum stating that it will not oppose affirmance and pointing out certain factual discrepancies in the calendar notice. We affirm.

The district court found that the investigator seeking the search warrant was on the telephone with the magistrate judge for between three and seven minutes, during which the investigator reportedly read the entire affidavit for the search warrant and

2

the statement of facts in support of the warrant. [RP 319-20[1]] The district court found that it was impossible for the investigator to relay to the magistrate judge the entire contents of the affidavit and statement of facts or to "properly review verbally the requirements, criteria and facts" in those documents during a telephone conversation lasting only three to seven minutes. [RP 320] The district court found that it was impossible for the magistrate judge to "properly scrutinize the facts and act as a detached and neutral Magistrate" in order to approve the warrant by telephone. [RP 320-21]

Our Constitution provides that "no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause, supported by oath or affirmation." N.M. Const. art. II, § 10. An affidavit in support of a search warrant is required to be sufficiently detailed so that the magistrate judge can make a determination of probable cause. *See State v. Knight*, 2000-NMCA-016, ¶ 15, 128 N.M. 591, 995 P.2d 1033. A magistrate judge may not simply rubber stamp an officer's statement that probable cause exists for issuance of a search warrant. *State v. Nyce*, 2006-NMSC-026, ¶ 9, 139 N.M. 647, 137 P.3d 587. A magistrate judge is

---

[1]References are to the record proper for Duryea Scott, No. 29,418.

required to make an informed and deliberate determination of probable cause before approving a search warrant. *Id.* New Mexico rules do not provide for telephonic approval of search warrants. *See* Rule 5-211 NMRA.

As described above, the magistrate judge testified that only "pertinent parts" of the statement were read to him, and that he did not believe the entire document was read to him. [DS 4] We conclude that the district court was correct in determining that a three- to seven-minute telephone conversation was not sufficient to allow the magistrate judge to be informed about the details included in the statement of facts in support of the search warrant, or to properly consider the information before acting in his capacity as a detached and neutral magistrate judge to approve the issuance of a search warrant.

To the extent that the State argues that the occupants of the properties received copies of the statement and the warrant, or that the magistrate judge received a copy of the warrant two days after it was executed, we conclude that these arguments refer to occurrences after execution of the warrant and would have no effect on whether the warrant was properly issued in the first place.

We affirm the district court's grant of Defendants' motion to suppress evidence.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**